JACKS v. KELLEY TRUST COMPANY.

Opinion delivered May 3, 1909.

1. JUDICIAL SALE—APPROVAL BY COURT—PRESUMPTION.—An indorsement upon a commissioner's deed of its approval, signed by the chancellor, is *prima facie* evidence that he examined and approved the deed when siting as a court. (Page 553.)

2. SAME—LOSS OF CERTIFICATE OF PURCHASE.—Where the certificate of purchase issued to one who purchased at an overdue tax sale was lost or destroyed, the commissioner was authorized to execute a deed to the purchaser's assignee upon satisfactory proof being made that the certificate had been assigned to him. (Page 554.)

Appeal from Phillips Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. M. Vineyard* and *H. F. Roleson,* for appellant.

The proceeding by which the clerk undertook to transfer the title of the heirs without notice and without calling into action the power of the court was not due process of law. 3 Desty on Taxation, 749; 70 N. Y. 229. A party cannot add to his own possession that of the one who preceded him, when he did not

enter into such possession under such predecessor. 37 Cal. 394; Wood on Lim. (2d Ed.) p. 693. Four years' payment of taxes prior to the passage of the act of 1899 and three afterwards cannot be tacked, because there was a breach in the possession through the payments by another person. 48 Ark. 277; 27 *Id.* 77; 22 *Id.* 80; 49 *Id.* 273. Conveyances, payment of taxes and color of title are all insufficient to start the statute of limitation. 45 Ark. 81; 75 *Id.* 194; 76 *Id.* 525.

*Jos. M. Hill,* for appellee.

The plaintiffs are barred by laches. 81 Ark. 432. Payment of taxes for a sufficient length of time, together with great enhancement in the value of the land, is sufficient to bar the right of the owner to seek equitable relief in quieting his title. 83 Ark. 154; 81 *Id.* 352; 81 *Id.* 432. Ignorance of the rights of the plaintiff, where there has been no concealment or fraud, is unavailing where the facts were open to their investigation at all times. 85 Ark. 584; 112 S. W. 748. Relief in such cases is granted only on condition of reimbursement of taxes. 70 Ark. 256; 74 *Id.* 161. If the statute of limitation begins to run against the ancestor, it continues to run against infants. 55 Ark. 85. A mistake of the clerk in making up the record should not be allowed to affect the purchaser injuriously when the conveyance, acknowledgment and certificate are regular. 41 Mo. 242; Rorer on Judicial Sales, § 755. The purchaser can assign his bid, and a deed from the sheriff to the assignee will be valid. Rorer on Judicial Sales, § § 764-766; 12 Barb. 240. The actions of the officers of the law are *prima facie* evidence of their truth, and cast the burden upon those asserting facts to the contrary to prove them. 84 Ark. 1. The payment of taxes by one can be tacked to that of his predecessor in interest. 83 Ark 159. Judgment quieting plaintiff's title concludes the defendent from asserting a title acquired *pendente lite,* which he might have pleaded but did not. 74 Ia. 244; 7 Am. St. 476; Black on Judgments, 664; 46 Kans. 231; 26 Am. St. 91; 37 Fed. 738.

BATTLE, J. On the 23d day of July, 1906, Maston E. Jacks and other heirs at law of T. M. Jacks, deceased, brought suit in the Phillips Chancery Court against the Kelley Trust Company, seeking to quiet title to 1,280 acres of land in Phillips County.

They alleged that they acquired title to these lands by inheritance from their father, T. M. Jacks, who bought at a sale made under a decree of the Phillips Chancery Court in an overdue tax proceeding. The sale was made by a commissioner on the 28th day of November, 1882, and was reported to the court on the 25th day of August, 1883, and confirmed, but no deed was executed. Jacks died in November, 1883, leaving plaintiffs as his only heirs at law.

Defendant answered and admitted that Jacks purchased the land at an overdue tax sale, admitted that the sale was confirmed, but alleged that Jacks assigned his certificate of purchase to L. A. Fitzpatrick; that Jacks died in November, 1883, leaving plaintiffs as his heirs at law. The defendant deraigned title as follows: by deed executed by Humphries, who made the sale as commissioner appointed by the court, to L. A. Fitzpatrick upon his affidavit, and by deed of Fitzpatrick to Albert S. Caldwell, and by Caldwell to Magee, and by Magee to Caldwell for one-half interest, and by Magee and Caldwell to Harry E. Kelley, and by Kelley to the Kelley Trust Company, the defendant.

It was agreed by the parties as follows:

"That said L. A. Fitzpatrick, after the sale of these lands to Dr. Jacks under the overdue tax decree in Phillips County, and after the death of said Jacks, went to the clerk and made affidavit that Dr. Jacks had assigned his certificate of purchase to said Fitzpatrick, and that same had been destroyed by fire, and that he had a right to the deed, and the clerk made him a deed to said lands. These plaintiffs never heard of that transaction until a short time before the beginning of this suit, although said affidavit of L. A. Fitzpatrick was incorporated in the deed made to him by the clerk as aforesaid and placed of record. That the several chains of title of the defendant are correctly stated in its answer, and the title deeds filed for record and recorded as therein set forth."

The deed referred to was executed by the commissioner who made the sale in the overdue tax proceeding, and is, together with the certificate of acknowledgment and record and indorsement thereon, as follows:

"Know all Men by these Presents: That whereas a decree was rendered in the Phillips Circuit Court in chancery on the 28th

· day of November, 1882, in a cause therein pending, wherein the State of Arkansas, on the relation of James P. Clarke, was plaintiff, and certain lands on which taxes were alleged to be due, were defendants, condemning to be sold for the non-payment of taxes the following tracts or parcels of land lying in Phillips County, Arkansas, to-wit: all of section thirteen (13), fourteen (14), twenty-three (23), twenty-four (24) and twenty-five (25), all in township five (5) south and in range one (1) east; and whereas said lands were sold to T. M. Jacks by the undersigned as commissioners in said decree on the 29th day of January, 1883, for the sum of fifty-six and 64-100 dollars each section, aggregating the sum of two hundred and eighty-three and 20/100 ($283.20), which sum has been by him duly paid to me as required by law, and whereas the time allowed by law for redemption has expired, and whereas L. A. Fitzpatrick filed his affidavit claiming that the certificate of purchase of said described land has been for value assigned to him, and that the said certificates have been destroyed by fire, which said affidavit is in the words and figures following to-wit:

"State of Arkansas,
County of Phillips.

"On this 18th day of April, 1889, personally appeared before me, a clerk of· the circuit court in and for the county and State aforesaid, L. A. Fitzpatrick, to me known, who, being duly sworn according to law, stated as follows: On or about the 29th day of January, 1883, at a commissioner's sale held on the above date by J. F. Humphries, commissioner of the circuit court, wherein Jas. P. Clarke *et al.* were plaintiffs, and the lands hereinafter named and other lands were defendants for taxes alleged to be overdue thereon, T. M. Jacks became the purchaser of the following described lands, viz.: sections thirteen (13), fourteen (14), twenty-three (23), twenty-four (24) and twenty-five (25), all in township five (5) south, range one (1) east; that afterwards, and for value received and in due course of business, the said T. M. Jacks duly assigned by marginal indorsements thereon the said certificates to him, the said L. A. Fitzpatrick; that the same were held by him until on or about the 9th of February, 1884, when his store house was destroyed by fire, and the said certificates were burned. He further states that the said certificates of purchase so

destroyed were his property at the time of the destruction, that the same had not been assigned to him before nor since that date nor any interest in the same, and that he is entitled to a deed. for the said above described lands from the said commissioner.

"L. A. Fitzpatrick.

"Sworn to and subscribed before me this 18th day of 'April, 1889.

"J. F. Humphries, Clerk.

"And whereas, I, James F. Humphries, as commissioner appointed by the said court in said cause and directed to execute a deed of conveyance, conveying said lands to the purchaser, and whereas certificates of purchase are made by law assignable, and it appearing from the affidavit herein copied that same had been duly assigned to the said L. A. Fitzpatrick for value received, and that same had been destroyed by fire; therefore, I, as such commissioner, in consideration of said sums and of the premises aforesaid, do hereby grant, sell and convey unto the said L. A. Fitzpatrick and to his heirs and assigns forever the lands above described, to-wit: sections thirteen, fourteen, twenty-three, twenty-four and twenty-five in township five south, range one (1) east. Witness my hand and seal as such commissioner on the 20th day of April, 1889.

(Seal)          "J. F. Humphries, Commissioner.

"State of Arkansas,
County of Phillips.

"Be it remembered that on this day personally appeared before me J. F. Humphries, who is personally well known to me, and stated that he had executed the above and foregoing deed as commissioner as aforesaid for the consideration and purposes therein contained and desired me to so certify.

"In witness whereof I have hereunto set my hand and seal of the county court affixed on this 23d day of April, 1889.

"Jas. C. Rembert, Clerk.

"By J. C. Parrish, Deputy Clerk.

"Approved:

"M. T. Sanders, Judge Phillips Circuit Court.
"State of Arkansas,
  County of Phillips.

"I, J. F. Humphries, circuit clerk and *ex-officio* recorder in and for the said county, do hereby certify that the above is a true and correct copy of the original deed filed for record on the 14th day of June, 1889, at 1 o'clock P. M., and duly recorded this 29th day of June, 1889.

"J. F. Humphries,
"Circuit Clerk and *ex-officio* Recorder."

Upon hearing the cause the court dismissed plaintiffs' complaint for want of equity, and they appealed.

Was the deed executed by the commissioner to Fitzpatrick a valid deed?

When the commissioner sold the lands to Jacks, the statute made it is his duty to execute to Jacks a certificate of sale, describing the lands, and the price for which they were sold, and made the certificate assignable. Act of 1881, p. 69, § 10.

It further provided that if "the lands sold shall not be redeemed within the period prescribed therefor the court shall order the commissioner to execute a deed to the purchaser, conveying to him the land in fee simple;" and that the "deed shall be executed by the commissioner in the same manner as other deeds are required to be executed in cases of sales made under decrees in chancery," and that "said deed shall be *prima facie* evidence that all things were done that were necessary to make good the said sale and conveyance for the transfer of an estate in fee simple." Acts of 1881, pages 70, 71.

Sections 6323 of Kirby's Digest provides as follows: "A conveyance by a commissioner shall not pass any right until it has been examined and approved by the court, which approval shall be indorsed on the conveyance and recorded with it."

The deed in this case was indorsed: "Approved: M. T. Sanders, Judge Phillips Circuit Court."

The genuineness of this indorsement is not questioned, but appellants say it was an approval by the judge and not by the court. But who is the court? In the sense used in the statute, it is the judge sitting at the time and place prescribed by law for the transaction of judicial business. Suppose that the deed in

question had been presented to M. T. Sanders, who was at the time judge of the Phillips Circuit Court, which had chancery jurisdiction, while he was sitting at the time and place prescribed by law for the holding that court, and he had made the indorsement in question, what would be the effect of it? ·An approval by the court. If shown to have been made under such circumstances, what would be the effect of it as evidence? That the deed was examined and approved by the court.

. The overdue tax act of 1881, section nine, provides: "For the purpose of taking any step in any suit brought under this act the court shall be considered as always open." The presumption · is that official acts of judges and courts are regular and in conformity to law until the contrary appears. The statute required the deed to be examined and approved by the court. The judge knew this and evidently intended to conform to the statute, and . it is presumed that he did so when sitting as a court at the time and place he was authorized to do so. Then the indorsement is *prima facie* evidence that he examined and approved the deed when sitting as a court. The failure to enter the order upon record did not affect the validity of the deed. That is an omission that can be supplied by an order *nunc pro tunc.*

Under the statute the deed in question is *"prima facie* evidence that all things were done that were necessary to make good the said sale and conveyance for the transfer of an estate in fee simple." This evidence has not been overturned.

Appellants contend that the commissioner was not authorized by the filing of the affidavit of Fitzpatrick to execute the deed. But he was authorized to make a deed to the assignee of the certificate of purchase. The loss or· destruction of the certificate did not deprive the assignee of the right to the deed or the commissioner of the power to execute it. In such event he is left to determine by competent evidence, satisfactory to himself, whether the certificate was assigned, and, if so, to whom, and to execute the deed accordingly. His decision was subject to the approval of the court, and is only *prima facie* correct..

Decree affirmed.