## MILLER *v.* HENRY.

### Opinion delivered October 28, 1912.

1. JUDICIAL SALE—VACATING SALE—CONCLUSIVENESS.—Even if a decree adjudicating lands to be subject to a lien for levee taxes is conclusive, and could not be reopened as ground for refusing confirmation of the sale, a decree refusing confirmation and vacating the sale is a final decree, which is open to attack only by such methods as may be available to set aside other decrees. (Page 264.)

2. SAME—SUFFICIENCY OF CONFIRMATION.—While a formal order of confirmation of a judicial sale is unnecessary, anything being sufficient which expresses unqualifiedly the approbation of the court, the mere fact that the judge made an indorsement on the deed of his approval thereof does not constitute an approval where it was a clerical misprision. (Page 264.)

3. SAME—STATUS OF PURCHASER.—A purchaser at judicial sale becomes a party to the proceedings and subject to the orders of the court. (Page 265.)

4. SAME—WHEN COMPLETE.—A judicial sale is not complete until confirmed by the court; the theory being that the court is the vendor and may confirm or reject as law and justice may require. (Page 265.)

5. BILL OF REVIEW—LACHES.—Negligence of a party in failing to discover matter which he asserts as ground for review bars him from that remedy. (Page 266.)

6. LEVEES—TAX SALES—NECESSITY OF CONFIRMATION.—Under Acts 1895, p. 88, authorizing the St. Francis Levee District to foreclose its lien for taxes, and providing that such suits "shall be conducted in accordance with the practice and proceedings of chancery courts in this State except as herein otherwise provided," a sale of land for levee taxes must be confirmed. (Page 266.)

7. QUIETING TITLE—LACHES.—The owner of land is not guilty of laches in failing to assert his title to the land until there has been an interference with his possession or until an incumbrance is placed upon his land which he is called upon to discharge. (Page 267.)

8. LEVEES—SALE OF LAND FOR TAXES—LACHES.—The fact that lands were improperly assessed for levee taxes, and the taxes were from year to year paid to the collector by another did not estop the levee district, which owned the land, nor its successor, from asserting title. (Page 268.)

Appeal from Crittenden Chancery Court; *Charles D. Frierson,* Chancellor; affirmed.

*Allen Hughes,* for appellant.

1. The levee board and its grantee are estopped. 82 Ark. 531; 81 *Id.* 244; 93 *Id.* 490; Kleber, Judicial Sales, § 392.

2. No formal order of confirmation is necessary. 17 A. & E. Enc. L. 991; 72 Ark. 339; 76 *Id.* 146; Kirby's Dig., § 6321. The fairness of the sale and its regularity were settled by the confirmation. 77 Ark. 216; 66 *Id.* 490; 124 Fed. 133. There was no appeal nor bill for review. 97 Ark. 314; 72 *Id.* 67.

3. Confirmation of a levee tax sale is unnecessary. Acts 1895, p. 91. A bidder at a foreclosure sale is a party to the suit and bound by it. 136 U. S. 89, 95. But he may be heard in the trial court or by appeal if not concluded by the decree. He is entitled to notice. 34 Cal. 658; 58 Ill. 239; 21 Ia. 238; 7 Tex. 598.

4. Laches is not imputable to a sovereign, but the rule does not apply to *quasi* public corporations. 91 U. S. 398; 56 Ark. 491; 63 *Id.* 56; 139 U. S. 693; 99 Ark. 45.

*A. B. Shafer*, for appellee.

1. Confirmation was necessary. Acts 1895, p. 88; 70 Ark. 409; 66 *Id.* 490. The sale was expressly set aside, and the order was valid. 16 Wall. 196; 60 Ark. 453; 50 *Id.* 45-8; 16 Cyc. 521.

2. There is no estoppel. 11 A. & E. Enc. L. (2 ed.) 439; 93 Ark. 490-5.

3. Nor was there laches. 99 Ark. 455.

McCULLOCH, C. J. This is an action instituted by appellee against appellant in the chancery court of Crittenden County to cancel a recorded deed purporting to convey a certain tract of land in that county. Both parties trace their title back to separate sales made by commissioners of the chancery court in actions instituted by the Board of Directors of St. Francis Levee District to enforce payment of delinquent levee taxes. Appellee claims under a sale made in the year 1898 pursuant to decree of the chancery court for the taxes of prior years; and appellant asserts title under a sale made in the year 1899 for the levee taxes of 1898. The levee district itself was the purchaser at the sale made in 1898, and, the sale being confirmed, a conveyance was made pursuant thereto. On December 7, 1898, the board of directors commenced another suit to enforce payment of delinquent levee taxes for the year 1898, and this tract was included in the suit, and a decree was entered condemning it for sale to satisfy the lien for delinquent levee taxes. The commissioner on March 27, 1899, made sale of the lands embraced in the decree, and appellant was the successful bidder for the tract in controversy, and received from the commissioner a certificate of his purchase. The commissioner made his report in writing to the court, and, the same coming on for hearing March, 1, 1900, the court made an order refusing to confirm the sale of this tract to appellant and vacating the sale. The sales of the other tracts of land embraced in the report were, with one or two exceptions, confirmed, and the commissioner was ordered to make deeds to the respective purchasers. On the same day the commis-

sioner presented to the court separate deeds to the purchasers at that sale, and included a deed to appellant for the land in controversy, which was, together with the other conveyances presented, examined by the court and approved, and indorsement to that effect was made by the chancellor upon each instrument. Appellant was not present in court on the day these proceedings were had, but was a nonresident of the State, and the deed so executed to him by the commissioner was forwarded by mail. Appellee purchased the land from the levee board on October 19, 1910, and received a quitclaim deed purporting to convey the same to him. He commenced this suit against appellant on December 16, 1910. The final hearing of the cause resulted in a decree in appellee's favor, quieting his title and cancelling appellant's deed, and an appeal has been duly prosecuted to this court.

The chancery court refused to confirm the sale made to appellant, and cancelled the same on the grounds that the lands were at the time of the decree the property of the levee board; that the same were not subject to taxation at that time; and the court was without jurisdiction to render a decree condemning the same for sale.

Conceding that the facts of the case bring it within the decision of this court in *Robinson* v. *Cross*, 98 Ark. 110, and that the decree adjudicating the lands to be subject to lien for levee taxes was a conclusive bar to further adjudication of that question, and that it could not be reopened as ground for refusing confirmation of the sale under said decree (*Terry* v. *Logue*, 97 Ark. 314), the fact remains that the court rendered its decree refusing to confirm the sale and vacating it. That was a final decree of the court which is open to attack only by such methods as may be available to set aside other decrees. *State National Bank* v. *Neel*, 53 Ark. 110.

The condition of the record, as indicated in the above statement of facts, does not fairly admit of a construction that the court made an order confirming the sale. It is true, as contended by learned counsel for appellant, that no formal order of confirmation is necessary, anything being sufficient which expresses unqualifiedly the approbation of the court. *Ousler* v. *Robinson*, 72 Ark. 339; *Cowling* v. *Nelson*, 76 Ark. 146; *Jacks* v. *Kelley Trust Co.*, 90 Ark. 548. The fact that

the chancellor made an indorsement upon the deed of his approval thereof is *prima facie* evidence of a confirmation of the sale and, ordinarily, would be the equivalent of an express order of court confirming the same; but such a presumption can not be indulged, in the face of an order of the court entered on the same day refusing to confirm the sale and setting it aside. Taking the whole record together, it is patent that the presentation of the deed by the commissioner to the court was a clerical misprision, and the action of the chancellor in indorsing his approval under those circumstances can not be treated as tantamount to a confirmation of the sale.

It is next insisted that the order vacating the sale is void for the reason that it was made in the absence of appellant as purchaser and no notice was given him of the proceedings.

A purchaser at judicial sale becomes a party to the proceedings and subject to the orders of the court. *Porter* v. *Hanson*, 36 Ark. 591.

In *Requa* v. *Rea*, 2 Paige (N. Y. Chancery) 339, Chancellor Walworth said:

"Where a person becomes a purchaser under a decree, he submits himself to the jurisdiction of the court in that suit as to all matters connected with such sale or relating to him in the character of purchaser."

The sale is not complete until confirmed by the court, the theory being that the court is the vendor, and "will confirm or reject the reported sale, or suspend its completion, as the law and justice of the case may require." *Sessions* v. *Peay*, 23 Ark. 39; *Thomason* v. *Craighead*, 32 Ark. 391; *Wells* v. *Rice*, 34 Ark. 346; *State National Bank* v. *Neel*, 53 Ark. 110: *Phillips* v. *Benson*, 82 Ala. 500.

The purchaser having become a party to the suit "as to all matters connected with such sale or relating to him in the character of purchaser," it is difficult to perceive why he is entitled to notice when the court is about to reject the sale. He must take notice of all proceedings with reference to the report of sale and confirmation or rejection thereof. We are aware that there are a few cases holding to the contrary; but the question seems to be confused with that of vacating a sale after it has been confirmed, and, of course, under those

circumstances notice to the purchaser must be given, as the sale has become complete upon confirmation. It is, we think, a contradiction of terms to say that one who is a party to the proceedings, and therefore required to take notice of all steps, is entitled to have actual notice given to him.

Our conclusion is, that it was within the jurisdiction of the court, without actual notice to the purchaser, to refuse confirmation of and set aside the sale, and that this is conclusive unless other grounds are shown which warrant the court, in the subsequent proceedings, in setting aside that order.

Appellant makes his answer a cross complaint in the nature of a bill of review seeking to set aside the former order of the court disaffirming the sale. The basis of his contention in that respect is that he was not present in court when the order was made; that he had no notice thereof; and that he was misled by the fact that the clerk executed to him a deed which was duly approved by the court and delivered to him.

A sufficient answer to this is that, as he was a party to the suit, it was his duty to be present and take notice of all steps in the proceedings. It does not appear from the allegations of the complaint, nor from the agreed statement of facts upon which the case was tried, that the deed was delivered to him at a time which misled him to his disadvantage and prevented him from appearing in court before it adjourned in order to resist the disaffirmance. In other words, his failure to take notice of the order of the court refusing to confirm his sale was brought about by his own neglect in failing to attend the sittings of the court, either in person or by his attorney. Negligence in failing to discover the matter which he asserts as ground for review bars him from that remedy. *Bartlett* v. *Gregory*, 60 Ark. 453.

Another contention of learned counsel for appellant is that no confirmation of the sale by the court's commissioner was necessary, and that the title completely vested upon the execution of the deed.

The statute authorizing foreclosures by the St. Francis Levee District provides that such suits "shall be conducted in accordance with the practice and proceedings of chancery courts in this State except as herein otherwise provided." Acts 1895, p. 88.

This question has never been expressly decided by this court and, so far as the writer knows, has never been raised in this court. In several instances the necessity for confirmation of a sale for levee taxes has, however, been distinctly recognized. In *Banks* v. *Levee District*, 66 Ark. 490, in discussing the right of the owner to redeem from the sale, the court said:

"The time for making the deed or deeds is after confirmation of sale; for, until the sale is confirmed, it can never be known what changes there may be made in the report of sale in order to its confirmation. In this respect the sale may be said to be incomplete until confirmation."

In *Robertson* v. *McClintock*, 86 Ark. 255, we had under consideration the statute which authorized redemption within one year from the date of sale of lands under foreclosure proceedings for nonpayment of levee taxes, and the particular question raised was, whether the period of redemption ran from the date of the sale by the commissioner, or from the date of confirmation. In the opinion the court clearly recognized the legal necessity for a confirmation.

The statute itself which regulates this proceeding clearly contemplates that all the proceedings shall be "in accordance with the practice and proceedings of chancery courts;" and that necessarily implies a requirement that a sale pursuant to a decree of a court is not complete until it receives the court's confirmation.

We are of the opinion that confirmation is essential as in all other judicial sales.

The only remaining question is upon appellant's plea that appellee's right of action is barred by his own laches.

The deed to appellant was executed March 1, 1900, and was in due time placed of record.

Appellee purchased the land from the levee board October 19, 1910, and began this suit about two months thereafter.

It is shown that appellant continuously paid the levee taxes on the land since the date of his purchase except for the year 1904, and for that year it was again sold for taxes but redeemed by appellant in due time. He also paid the State and county taxes for the years 1899 to 1904, inclusive, and for the years 1908 and 1909, before the commencement of this

suit. The land was sold for State and county taxes for the years 1905, 1906 and 1907, but appellant redeemed from each sale in due time.

It is also shown that the land at the time of appellant's purchase was worth $5.00 an acre, and at the time of the institution of this suit its market value was about $15.00 per acre. The land is wild and unoccupied.

By many decisions of this court it has been held that, where the owner of land abandons it for a period of seven years, or longer, permitting another to bear the burden of paying the taxes, and the land in the meantime becomes greatly enhanced in value, he is barred by his own laches from asserting purely equitable rights.

It is equally well settled that the owner should not be deemed to have abandoned his land until there has been a valid lien for taxes which he has failed to discharge. In other words, he is not called upon to assert his rights, either legal or equitable, until there has been an interference with his possession, or until an incumbrance is placed upon his land which he is called upon to discharge. It is then only that his act in allowing another to bear the burden can be deemed to be an abandonment of his rights. *Penrose* v. *Doherty,* 70 Ark. 256; *Chancellor* v. *Banks,* 92 Ark. 497; *Herget* v. *Mc-Leod,* 102 Ark. 60.

These lands, being the property of the levee district, were not subject to taxation during the period of delinquency, claimed by appellant to exist; therefore the district was not called upon to pay and was not in default in discharging the void assessment. Laches is not imputable to the levee district, nor to appellee, for he brought suit within a few months after he became the purchaser.

The fact that the lands were improperly assessed for levee taxes were from year to year paid to the collector did not estop the levee district to assert title to the lands. *Board of Directors St. Francis Levee District* v. *Fleming,* 93 Ark. 490.

Our conclusion is that the decision of the chancellor upon all the questions involved in the case was correct, and the decree is therefore affirmed.