CROWE *v.* WELLS RIVER SAVINGS BANK.

Opinion delivered November 10, 1930.

*Ingram & Moher,* for appellant.

*Joseph Morrison* and *J. C. Kincannon,* for appellee.

McHaney, J.   This is a suit by appellee as mortgagee of the land to enforce the right of redemption from a sale under a decree of the chancery court of March 7, 1927, foreclosing the lien of the Northern Road Improvement District for delinquent road taxes for the year 1925 on the west half of southeast quarter 35-2 south 5.   Prior to this time, to-wit, on September 26, 1926, there was a sale of this same land for the road taxes for 1924 at which the district became the purchaser.   Title remained in the district by virtue of this sale until March 3, 1930, when it was redeemed by appellee.   The land again forfeited in 1925 for the nonpayment of taxes for the year 1924 on the assessment of benefits and was sold on April 15, 1927, to the district under the decree of March 7, 1927, as above stated.   It is this last forfeiture and sale from which redemption is sought by this suit.   The chancery court entered a decree permitting the redemption of the land.

Without going into the statutes fixing the period of redemption and determining whether the period of redemption had expired, we have reached the conclusion that the district was without power to maintain an action for the delinquent taxes of 1925, and that the decree of March 7, 1927, based thereon is void, and that the sale of April 15, 1927, is likewise void.   The district acquired the title to the land by virtue of the previous sale of September 26, 1926, subject to the right of redemption, and title was, therefore, in the district at the time the last suit was brought and the decree rendered.   At the

time the 1925 taxes became delinquent, the district was the owner of the property, subject to the right of redemption for the period prescribed by law, and when redemption was made from that sale on March 3, 1930, the district should have required all subsequent installments of taxes on betterments, which were then due, to be paid. Appellants' title to the land is dependent upon the sale of April 15, 1927, for the taxes of 1925, as they purchased from the district on March 29, 1929. They acquired no better title than the district had by reason of such sale. In *Robinson* v. *Indiana & Arkansas Lumber & Mfg. Co.*, 128 Ark. 550, 194 S. W. 870, this court held that while the title to land rested in the St. Francis Levee District by virtue of a sale for delinquent taxes to the district, at which it became the purchaser, the land was not subject to taxation for State and county purposes. This case was followed in *Kelley Trust Co.* v. *Lundell Land & Lbr. Co.*, 159 Ark. 218, 251 S. W. 680. See also *Miller* v. *Henry*, 105 Ark. 261, 150 S. W. 700. It seems to us that it necessarily follows that, if land is exempt from general taxation while the title rests in an improvement district, it is also exempt from sale for the taxes of the improvement district while it holds the title. Appellants contend that the decree of foreclosure of March 7, 1927, condemning the land to be sold for the 1925 assessment is conclusive. We think not. While the decree is valid on its face, yet it now appears that the land was not subject to sale for taxes because at the time the title was in the district. Therefore, the chancery court was without power to condemn the land for sale. Appellants also say that this is a suit to redeem which necessarily recognizes the validity of the sale. While in form it is a suit to redeem, we think we may treat it as a tender of the amount of taxes and penalties due—in 1925, because when appellee redeemed from the 1926 sale for the 1924 taxes, he was due to pay the district all taxes on assessments then delinquent.

The decree of the chancery court is correct, and it is therefore affirmed.

KIRBY, J., dissents.