WATSON *v.* ANDERSON.

4-6181                                         147 S. W. 2d 28

Opinion delivered February 3, 1941.

*J. R. Pugh* and *Roy Pugh, Jr.,* for appellant.
*A. B. Shafer,* for appellee.

McHANEY, J.  Appellant claims title to 80 acres of land in Crittenden county, described as west one-half northeast one-quarter, section 19, 8 north, 6 east, by virtue of a deed from the state, dated June 2, 1939, based on a forfeiture and sale to the state in 1931 for the taxes of 1930.  The clerk did not execute his certificate of sale to the state until April 15, 1935, and did not cause same to be recorded in the recorder's office until three days later, April 18, at which time title vested in the state, as per § 13876, Pope's Digest.  Thereafter, in May, 1936, the state brought suit to confirm its title to this and other land in said county and secured a confirmation decree on June 10, 1937.

Appellee claims title to the same tract of land by virtue of a deed from the St. Francis Levee District dated March 23, 1939.  The latter acquired title by a suit to foreclose its lien for levee taxes delinquent for the years 1931, 1932 and 1933, filed January 8, 1935, resulting in a decree therefor on October 9, 1935, and a sale to it on December 9, 1935, which was confirmed by the court on December 20, 1935.  Appellee entered into possession of said land presumptively on or about the date of his purchase, March 23, 1939.

Appellant who purchased from the state, June 2, 1939, brought this action of ejectment against appellee to recover the possession of said land on November 8, 1939, in which he set up his claim of title as aforesaid, that it was superior to the title of appellee and alleged a tender of the amount paid by appellee for his deed from the levee district.  The answer was a general denial, a plea of act 329 of 1939, under which he claimed the right to redeem, and a tender of the amount paid by appellant for his deed from the state.  Trial to the court without a jury resulted in a judgment for appellee, hence this appeal.

Appellant contends that act 329 of 1939 does not help appellee for two reasons:  First, that it did not have an emergency clause and did not, therefore, go into effect for 90 days after the adjournment of the Legislature, March 9, 1939, which effective date was after the

date of appellee's deed; and second, that it is not retroactive. We have held that said act is curative and retroactive. Section 2 makes it so in express terms and we so held in *Lincoln Nat'l Life Ins. Co.* v. *Wilson,* 199 Ark. 732, 135 S. W. 2d 846. See, also, *Mitchell* v. *Parker, ante* p. 177, 143 S. W. 2d 1114. Section 3 of said act 329 provides: "Where any lands have been, or shall hereafter be foreclosed on by any improvement district for delinquent taxes or assessments due it, and the title to any such lands may have been or is in the state, the purchaser at any sale for such improvement district taxes shall have the right to redeem same from the state. . . ."

While said act is curative and retroactive in its curative provisions and confers the right on the improvement district tax purchaser to redeem from the state, it does not confer such right to redeem from one to whom the state has conveyed its title. The state's title is unquestioned in this lawsuit. It was confirmed in June, 1937. The St. Francis Levee District acquired title, subject to the state's superior lien for its taxes, and appellee acquired the same title the levee district had, subject to the state's superior lien, coupled with the right of redemption, which depended on said act 329, and since said right of redemption did not accrue under said act until its effective date, June 7, he could not redeem from the state as it had already parted with its title. He could have purchased from the state, just as appellant did, and thus have acquired the whole title. His failure to do so permitted appellant to acquire the superior title and gave him the superior right to the possession, subject to the payment by him of the cost to appellee of the levee district title, with interest.

The judgment will be reversed, and the cause remanded with directions to enter a judgment in accordance with this opinion.

SMITH, J., dissents.