RIDGEWAY v. LEWIS.

4-6583                                              160 S. W. 2d 50

Opinion delivered March 23, 1942.

G. W. Barham, for appellant.

C. M. Buck, for appellee.

HUMPHREYS, J. Appellants brought suit in ejectment against appellee in the chancery court for the Chickasawba district of Mississippi county, Arkansas, to recover the possession of lots 2, 3, 6 and part of lot 1 in section 16, township 14 north, range 9 east, containing 129.49 acres, more or less, alleging that they acquired title thereto under and by virtue of a deed from the Commissioner of State Lands in behalf of the State of Arkansas, dated January 12, 1940, upon payment of $129.49 in accordance with Act 129 of the Acts of the General Assembly of 1929, said lands having been appraised by the Land Use Committee at the valuation of $1 per acre under Act 331 of the Acts of the General Assembly of 1939, and also by quitclaim deed from Charles B. Holmes executed and delivered to them on February 7, 1940, said Holmes having patented said lands from the United States Government.

The complaint also alleged that defendant (appellee) was in possession of said lands and refused to surrender the possession thereof to them.

The complaint also alleged that the defendant (appellee) cultivated said lands during the 1940 crop season

for which they were entitled to recover the rental value at $10 per acre and that he had sold and destroyed timber of the value of $3,000 for which they were entitled to recover.

Prayer of the complaint was for a writ of ejectment and damages in the sum of $3,000 for the destruction and removal of the timber and for $1,290.49 for rents for the year 1940.

Appellee did not question the jurisdiction of the chancery court, but filed an answer and cross-complaint seeking equitable relief. He deraigned his title to said lands by patent from the United States Government to Charles B. Holmes on January 7, 1922, and the warranty deed from Charles B. Holmes to Drainage District No. 17 of Mississippi county, Arkansas, dated June 28, 1924, and by warranty deed from Drainage District No. 17 of Mississippi county, Arkansas, to himself, dated November 29, 1938.

In addition to deraigning his title, he pleaded that the tax forfeiture and deed relied upon by appellants were void for the reason that at the time of levying the taxes for state and county purposes for the year 1925 the lands were vested in Drainage District No. 17 of Mississippi county, Arkansas, which held same in its governmental capacity for floodway purposes, and were not subject to forfeiture and sale for the taxes of 1925.

The prayer of the answer and cross-complaint was that the complaint be dismissed and that the tax forfeiture covering the lands described for the year 1925 and the deed executed thereunder by the state to appellants be canceled and set aside, and that the quitclaim deed executed by Charles B. Holmes to appellants of date February 7, 1940, be canceled and set aside as clouds upon the title of appellee, and that the title to the lands be quieted and confirmed in appellee.

The cause was submitted to the court upon the pleadings and testimony resulting in a decree canceling appellants' tax deed and also their quitclaim deed from Charles B. Holmes as clouds upon appellee's title and quieting the title to said lands in appellee, from which is this appeal.

The record reflects that Drainage District No. 17 of Mississippi county, Arkansas, was organized under Act 103 of the acts of the legislature of the State of Arkansas for the year 1917, and was empowered to construct ditches, levees and floodways for the purpose of draining and protecting from overflow the lands within its boundaries. The lands involved herein were within the boundaries of the district. The district acquired the lands in question from Charles B. Holmes on June 28, 1924, who had patented and obtained his patent from the United States Government on January 7, 1922.

The title to the lands in the suit remained in Drainage District No. 17 in its governmental capacity and constituted a portion of the floodway until the 29th day of November, 1938, at which time Drainage District No. 17 conveyed the lands to appellee, A. J. Lewis.

The lands being in possession of said drainage district, in its governmental capacity, were not subject to assessment for taxes for the year 1925, and the forfeiture and sale thereof was void. Appellants, therefore, acquired their title under a void assessment, sale and deed from the state.

Appellants introduced in evidence a confirmation decree by the state, but it does not purport on its face to quiet the title except as to part of lot 1, which was void on its face on account of the defective description. The appellants' quitclaim deed from Charles B. Holmes, of date February 7, 1940, conveyed no title to appellants to said lands for the reason that Charles B. Holmes had theretofore conveyed all the interest he had in said lands to Drainage District No. 17 of Mississippi county, Arkansas, on June 28, 1924, for the consideration of $4,532.15. Appellants, therefore, acquired nothing under and by virtue of their deed, dated February 7, 1940, from Charles B. Holmes.

Appellants suggest that although the deed from the state recites that it was assessed, forfeited and sold to the state for the delinquent taxes of 1925, it might have forfeited to the state for some prior year, but the trouble with this suggestion is that the burden of show-

ing a forfeiture for years other than 1925 was upon appellants, and no attempt was made to show any other assessment, forfeiture or sale than for the year 1925, recited in the commissioner's deed.

The court correctly vested the fee simple title in said lands in appellee and properly canceled the tax deed from the state to appellants and the quitclaim deed from Charles B. Holmes to appellants.

No error appearing, the decree is affirmed.