LYLE *v.* STERNBERG.

4-6773                                          163 S. W. 2d 147

Opinion delivered June 8, 1942.

*Claude B. Brinton,* for appellant.

*Wils Davis* and *Roy Penix,* for appellee.

HUMPHREYS, J.   Appellant brought suit on October 27, 1941, in the chancery court of Craighead county, Western District, against appellee alleging ownership of: northwest quarter, southwest quarter of section four, township fourteen north, range two east, in Craighead county, Arkansas, and prayed for cancellation of a deed as a cloud upon her title which was executed by the commissioners of the Cache River Drainage District on the 5th day of January, 1939, to appellee.

She alleged ownership of said land under and by virtue of a tax title deed executed to her by the commissioner of state lands of the state of Arkansas on the 23rd day of January, 1939.

Appellant offered, on cancellation of the drainage district deed to appellee, to do equity by paying all the sums the court might decree as due and payable to appellee.

Appellee filed an answer denying the validity of the tax title deed relied upon by appellant as the basis for ownership of said land and asserting ownership thereof under and by virtue of a valid deed thereto from said drainage district and, by way of cross-complaint, prayed for cancellation of appellant's tax title deed as a cloud upon his title to said land.

On February 18, 1942, the cause was submitted to the trial court upon the pleadings and lengthy written stipulations of the parties as to the facts from which the court found that said land originally belonged to and was the property of O. F. Wayland, and that said land was and is within the boundaries and was assessed for the benefit received from the construction of Cache River Drainage District and was subject to assessment benefits therefor; that the installment of assessment benefits due said drainage district for the year 1927 against said lands became delinquent and the said lands were sold to said drainage district on December 31, 1927, pursuant to chancery court proceedings which were duly approved and confirmed by the court, and that a deed was issued by the commissioner of the court to the Cache River Drainage District on January 2, 1928, pursuant to the decree of foreclosure and order of sale of said property; that thereafter, until January 5, 1939, the date the lands were sold and conveyed to appellee, H. J. Sternberg, said lands were owned by the said drainage district in its governmental capacity as a governmental agency and were exempt from assessment and payment of state and county taxes; that the assessment of said lands for state and county taxes for the year 1928, and the purported forfeiture and sale of the lands to the state of Arkansas for the taxes for the year 1928 and the tax deed dated January 23, 1939, executed by the Commissioner of State Lands to appellant were void and should be canceled; that, appellee, H. J. Sternberg, tendered into court the amount of the state and county taxes paid by appellant on said lands for the year 1939.

The court by its decree based upon such findings canceled the tax title deed and confirmed in appellee the

title to the lands acquired under his deed from said drainage district and canceled all the proceedings concerning the assessment, sale and forfeiture of said lands to the state of Arkansas for the year 1928, and the deed made pursuant thereto to appellant, dated January 23, 1939, together with all his costs.

From this decree appellant has duly prosecuted an appeal to this court. The trial court correctly found from the undisputed facts that the lands involved were sold under foreclosure proceedings on December 31, 1927, and deeded to Cache River Drainage District on January 2, 1928, for the drainage tax due said district thereon for the year 1927. We do not find anything in the record showing that the lands in question were ever redeemed from this foreclosure decree, and, therefore, the lands remained the property of the Cache River Drainage District until it sold them to H. J. Sternberg on January 5, 1939. This court has ruled that when a drainage or improvement district acquires title to lands before the lien for state and county taxes becomes fixed, they are exempt from taxation or assessment for state and county taxes as long as the lands remain the property of said district as during that time they are held by the drainage or improvement district as a governmental agency and for governmental purposes. This rule is sustained by the cases of *Miller* v. *Henry,* 105 Ark. 261, 150 S. W. 700, Ann. Cas. 1914D, 754; *Robinson* v. *Ind.-Ark. Lbr. Co.,* 128 Ark. 550, 194 S. W. 870, 3 A. L. R. 1426; *Crowe* v. *Wells River Savings Bank,* 182 Ark. 672, 32 S. W. 2d 617; and *Little Red River Dr. Dist. No. 2* v. *Moore,* 197 Ark. 945, 126 S. W. 2d 605. Under the rule thus announced the lands were not subject to be assessed for state and county taxes for the year 1928 and were erroneously forfeited and sold to the state and appellant acquired nothing from the state under her deed of date January 23, 1939.

Appellant contends, however, that the lands in question were redeemed from the foreclosure decree in favor of the Cache River Drainage District and argues that there was a redemption of said lands shown by a notation on the chancery decree record of said decree of fore-

closure, which notation is as follows: "W½ E½ NW¼, 7-26-29, redeemed by O. F. Wayland; N½ W½ NW¼, 7-26-29, redeemed by O. F. Wayland."

The record reflects that O. F. Wayland owned a number of tracts of land in the drainage district, but the notation above relied upon does not include the lands in question, but does show redemptions of some other lands that were owned in said district by O. F. Wayland.

The delinquent improvement district of the Western District of Craighead county, Arkansas, for the delinquent tax due Cache River Drainage District in the year 1927 appearing in this record shows that the lands redeemed by O. F. Wayland were lands in the northwest quarter of section four, township fourteen north, range two east and not the lands involved in the suit before the court, which are described as the northwest quarter of the southwest quarter of section four, township fourteen north, range two east.

We think the trial court was correct, under these circumstances, in the short opinion he wrote in this case on page 17a of the transcript in the case, which opinion is as follows: "After an examination of the record, briefs and arguments in the cause I deem it unnecessary to enter into a lengthy discussion of the cause. It is well settled by the decisions of our court that there can be no delinquency for state and county taxes while the title to the land is in an improvement district. In this case it is undisputed that prior to the forfeiture to the state the lands were held by the drainage district under a sale by it for delinquent taxes.

"Contention is made that after the decree in favor of the district the owner of the land at the time redeemed the same. A notation of the clerk is presented. The notation is in form and fact an interlineation upon the record purported to have been made by the clerk of the court. However, this interlineation does not describe any land and will not therefore be considered. There is no positive showing that the land involved in this suit was redeemed."

The decree of the trial court is, therefore, affirmed.