DUNCAN v. BOARD OF DIRECTORS OF NEWPORT
LEVEE DISTRICT.

4-7307                                    178 S. W. 2d 660

Opinion delivered March 20, 1944.

*Hugh Williamson* and *Ben B. Williamson*, for appellant.

*Kancaster Hodges,* for appellee.

McHANEY, J. Appellee brought this action against appellant to quiet its title to certain lots in the city of Newport, which it had acquired by virtue of a foreclosure decree of November 27, 1935, and sale for levee taxes to it on April 4, 1936, which was confirmed on May 26, 1936, and Commissioner's deed issued to it after the two-year period of redemption on May 24, 1938.

Appellant claims title to all the lots here involved by virtue of three deeds from the State Land Commissioner. Lots 3 and 12, block 20, forfeited to the state for 1931 taxes, and appellant purchased them from the state on September 5, 1941. The court held against appellee as to these two lots and no appeal therefrom has been taken by appellee, so the title to them is not here involved except as to the decree foreclosing delinquent assessments thereon. Lot 8, block 5, and lot 11, block 20, forfeited to the state for 1932 taxes. Appellant purchased them from the state, the former on August 21, 1941, and the latter on September 5, 1941. Included in the former deed was lot 7, block 5, and in the latter was lot 9, block 7, both lots having forfeited to the state for 1934 taxes. It was stipulated that both sales to the state were void because of a levy in each year of an amount

in excess of the constitutional limit of five mills for county purposes.

Lot 2, block 19, forfeited to the state for 1937 taxes, and appellant bought said lot from the state on April 8, 1942. Appellee claimed title to this lot on the theory that it was the owner thereof under its foreclosure decree and sale to it of April 4, 1936, and confirmation of said sale on May 26, 1936, at and prior to the time the state's lien for taxes attached, to-wit: first Monday in June, 1937; and, therefore, said lot was not subject to taxation for state ond county purposes so long as the title remained in appellee district. The court, therefore, sustained appellee's title to all lots, except 3 and 12 of block 20, and as to them entered a decree of foreclosure of appellee's lien for tax betterments for the years 1931 to 1940, inclusive, and ordered a sale for the taxes, penalty and costs under terms set out in said decree. This appeal followed.

The first point urged by appellant for a reversal is that no tender of taxes paid by appellant was made by appellee at the time of filing its action as provided by § 4663 of Pope's Digest, and that the action should have been dismissed as provided by § 4664. A motion was filed by appellant to require such tender, was confessed by appellee, and a tender was made and refused. We think no tender was required, as this was not a possessory action, not a suit for possession, but only a suit to quiet title, and § 4663 applies only in suits "for the recovery of any lands, or for the possession thereof." *Farrell* v. *Sanders*, 204 Ark. 1068, 166 S. W. 2d 889. Moreover, the sales to the state for the 1932 and 1934 taxes were void for want of power to sell, and said sections do not apply for this reason. *Winn* v. *City of Little Rock*, 165 Ark. 11, 262 S. W. 988; *Sutton* v. *Lee*, 181 Ark. 914, 28 S. W. 2d 697; *Smart* v. *Alexander*, 201 Ark. 211, 144 S. W. 2d 25; *Lumsden* v. *Erstine*, 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132.

Appellant contends that, as to the lots sold to the state for taxes of 1932 and 1934, which sales are conceded to be void, appellee acquired its title by foreclosure

at a time when the title was in the state, and even though its title is good under the provisions of § 2 of act 329 of 1939, subject to the state's superior lien for taxes, still appellee failed to redeem from the state and cannot now redeem from appellant. It is conceded that said act is curative and that we have so construed it in a number of cases. *Lincoln Nat'l Life Ins. Co.* v. *Wilson, Receiver,* 199 Ark. 732, 135 S. W. 2d 846; *Mitchell* v. *Palmer,* 201 Ark. 177, 143 S. W. 2d 1114; *Person* v. *Miller Levee Dist.,* 202 Ark. 173, 150 S. W. 2d 950. We do not understand this to be a suit to redeem, but only to cancel the state's void tax deeds to appellant as clouds on title.

As to lot 2, block 19, the state's lien for taxes attached the first Monday in June, 1937. At that time appellee had foreclosed its lien and became the purchaser, which sale was confirmed on May 26, 1936, more than a year before the state's lien attached. It had not been issued a deed, but was awaiting the expiration of the two-year period of redemption. During this period appellee was at least the owner of the equitable title and we think this ownership was sufficient to prevent the lien of the state from attaching under the rule announced in *Robinson* v. *Indiana & Ark. Lumber Co.,* 128 Ark. 550, 194 S. W. 870, and followed in a number of subsequent cases, one of the latest in which it was applied is *Lyle* v. *Sternberg,* 204 Ark. 466, 163 S. W. 2d 147. In the latter case it is said: "This court has ruled that when a drainage or improvement district acquired title to lands before the lien for state and county taxes become fixed, they are exempt from taxation or assessment for state and county taxes as long as the lands remain the property of said district as during that time they are held by the drainage or improvement district as a governmental agency and for governmental purpose."

In the latter case, the district had received a deed from the Commissioner prior to the expiration of the period of redemption, whereas here, no deed was issued until such expiration; but we think this is a distinction without a difference, since either title was subject to defeat by redemption. Therefore, this lot was not sub-

ject to forfeiture and sale to the state for the 1937 taxes and appellant's deed from the state is without validity.

We think the court correctly decreed a foreclosure and sale of lots 3 and 12, block 20, title to which was awarded appellant, for taxes for all the years 1931-1940, since there was no plea of the statute of limitations. Other contentions are made which we have considered, and find them without substantial merit.

Affirmed.