TERRY v. STARKS.

5-11                                                  256 S. W. 2d 545

Opinion delivered March 30, 1953.

Rehearing denied April 27, 1953.

*Chas. C. Wine* and *T. B. Vance,* for appellant.

*Smith & Sanderson,* for appellee.

ED. F. McFADDIN, Justice. This is a suit between rival title claimants for a tract of 360 acres in Miller County. The appellant (defendant below) claims under a State tax title; and the appellee (plaintiff below) claims under an Improvement District foreclosure title— *i. e.,* from Miller Levee District No. 2,[1] and also Drainage District No. 6[2] of Miller County. The Chancery Court held the Improvement District title to be superior, and from that decree appellant brings this appeal.

Appellant claims his title as follows:

(a) that the land forfeited to the State on November 2, 1936, for the taxes of 1935;

---

[1] Miller Levee Dist. No. 2 was created by Act 69 of the General Assembly of 1911; and that Act was amended by Act No. 71 of 1913, Act No. 25 of 1917, and Act No. 123 of 1921.

[2] Drainage District No. 6 was created under the General Drainage District Law of the State.

(b) that the State tax title was confirmed on September 25, 1939, pursuant to Act No. 119 of 1935 (see § 84-1315, *et seq.,* Ark. Stats.) ;

(c) that the State issued its deed to John N. Watkins, as purchaser of the State's title on February 11, 1942; and

(d) that appellant, Terry,[3] claims by mesne conveyance from Watkins.

Appellee claims his title as follows:

(a) that on October 26, 1933, Miller Levee District No. 2 obtained foreclosure decree for the delinquent benefits due the District in 1931;

(b) that the land was sold to the District under said decree on September 8, 1934, the sale being approved on September 18, 1934;[4]

(c) that the title remained in the District, thereafter, until 1945;

(d) that on October 6, 1945, the Miller Levee District conveyed the land to appellee, Starks; and

(e) that on October 8, 1945, the Drainage District No. 6 conveyed the land to appellee, Starks.

The land has been used for pasture purposes; and even though both parties claim pedal possession, the evidence shows that neither party has had possession of such character and continuity as to be entitled to prevail under the 7-year statute (see § 37-101, Ark. Stats.), so this is a suit to determine whether the State tax title or the Improvement District foreclosure title is the superior.

We have some Legislative enactments, and also several cases bearing more or less directly on the questions

---

[3] Terry, as defendant, was joined by his wife and some mineral holders as co-parties, but for convenience, we refer to the case as though Terry were the sole party.

[4] Likewise, Drainage District No. 6 foreclosed its delinquent 1931 benefits, obtained a decree on September 17, 1934, purchased at the Commissioner's sale on October 19, 1934, and the sale was approved on November 22, 1934. There were foreclosures by the two Improvement Districts in succeeding years, but appellee's title originates from the said sales for the 1931 delinquencies.

here at issue. Some such are Act No. 329 of 1939, now found in § 20-1146, Ark. Stats.; *Watson* v. *Anderson,* 201 Ark. 809, 147 S. W. 2d 28; *Central Clay Dist.* v. *Raborn,* 203 Ark. 465, 157 S. W. 2d 505; *Spikes* v. *Beloate,* 206 Ark. 344, 175 S. W. 2d 579; *Terry* v. *Drainage Dist.,* 206 Ark. 940, 178 S. W. 2d 857; *Duncan* v. *Board of Directors of Newport Levee District,* 206 Ark. 1130, 178 S. W. 2d 660; *Deniston* v. *Burroughs,* 209 Ark. 436, 190 S. W. 2d 623; *Hubble* v. *Grimes,* 211 Ark. 49, 199 S. W. 2d 313; and *Rouse* v. *Teeter,* 214 Ark. 488, 216 S. W. 2d 869.

The appellant, Terry, emphasizes: that the land forfeited to the State for the 1931 taxes and so remained until October 8, 1935, when E. E. Scott redeemed the land; and that when Scott redeemed the land for the 1931 taxes, he necessarily did not pay the State and County taxes for 1935, because they were not due until 1936. Therefore, appellant says: that the 1935 taxes became delinquent and the land was forfeited to the State on November 2, 1936; that the State had the 1935 sale confirmed by decree of September 25, 1939, under Act No. 119 of 1935; and that the State conveyed to Watkins on February 11, 1942, a title that had been confirmed for the 1935 taxes.

But here is the answer to the appellant's argument: when Scott redeemed on October 8, 1935, the Improvement Districts had already completed their foreclosure proceedings—the Levee District sale was on September 8, 1934, and the Drainage District sale was on October 19, 1934.[5] These Improvement Districts purchased the land *before* the State's lien for 1935 taxes could have become legally affixed, because, at that time, the lien for 1935 taxes would affix on the first Monday in June, 1935.[6] When Scott redeemed from the State on October 8, 1935, such redemption constituted payment[7] of all taxes prior to 1935, and allowed the Improvement District sales of

---

[5] In *Gailey* v. *Ricketts,* 123 Ark. 18, 184 S. W. 422, we held that when a sale was confirmed the purchaser's rights related back to the day of the sale.

[6] This was provided by § 13770, Pope's Digest. For change of date, see § 84-107, Ark. Stats.

[7] Redemption is payment. See *Mabrey* v. *Millman,* 208 Ark. 289, 186 S. W. 2d 28.

1934 to antedate by several months the State tax lien, which could not affix until the first Monday in June, 1935. Act No. 329 of 1939, now found in § 20-1146, *et seq.*, Ark. Stats., has been held to be both retroactive and curative,[8] and provides that an Improvement District can foreclose while the title is in the State, so the Improvement District sales were valid. Furthermore, our cases hold that when an Improvement District purchases property at its own foreclosure sale, the State cannot tax the property until the Improvement District parts with title. In *Lyle* v. *Sternberg*, 204 Ark. 466, 163 S. W. 2d 147, we said:

"This court has ruled that when a drainage or improvement district acquires title to lands before the lien for state and county taxes becomes fixed, they are exempt from taxation or assessment for state and county taxes as long as the lands remain the property of said district as during that time they are held by the drainage or improvement district as *a governmental agency* and for *governmental purposes*. This rule is sustained by the cases of *Miller* v. *Henry*, 105 Ark. 261, 150 S. W. 700, Ann. Cas. 1914D, 754; *Robinson* v. *Ind.-Ark. Lbr. Co.*, 128 Ark. 550, 194 S. W. 870, 3 A. L. R. 1426; *Crowe* v. *Wells River Savings Bank*, 182 Ark. 672, 32 S. W. 2d 617; and *Little Red River Dr. Dist. No. 2* v. *Moore*, 197 Ark. 945, 126 S. W. 2d 605. Under the rule thus announced the lands were not subject to be assessed for state and county taxes for the year 1928 and were erroneously forfeited and sold to the State and appellant acquired nothing from the State under her deed of date January 23, 1939."

Thus the State could not legally tax the land for the 1935 taxes because the title was then in the Improvement Districts, by virtue of the 1934 sales; and with the "power to sell" defeated, the 1939 confirmation (under Act No. 119 of 1935) was of no force. See *Lumsden* v. *Erstine*, 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132.

As regards delinquent State taxes and delinquent Improvement District benefits on the same land, the rela-

---

[8] We so held in *Watson* v. *Anderson*, 201 Ark. 809, 147 S. W. 2d 28.

tive rights of the State and the Improvement District are not reciprocal[9] because:

(a) by Statute (§ 20-1146, Ark. Stats.) an Improvement District can maintain and consummate its foreclosure proceedings and purchase the land even while it is forfeited to the State for prior State taxes;[10]

(b) but, on the other hand, if the Improvement District purchases the land at a foreclosure sale prior to the date the State tax lien affixes, then the land is in effect owned by the public and is not subject to State taxes until the Improvement District parts with title.[11]

Therefore, the Chancery decree was correct; because when Scott redeemed from the 1931 tax forfeiture, such redemption gave time priority to the Improvement District foreclosure sales which placed the title of the property in the Districts, and such priority prevented the State from taxing the lands for 1935.

Affirmed.

---

[9] There is an article by G. D. Walker in 1 Ark. Law Review, p. 37, entitled "Effect of Forfeiture for State and County Taxes," wherein this point is carefully discussed.

[10] This is the plain language of Act No. 329 of 1939, which we have held to be both curative and retroactive. See *Watson* v. *Anderson,* 201 Ark. 809, 147 S. W. 2d 28.

[11] In addition to *Lyle* v. *Sternberg, supra,* see, also, *Rouse* v. *Teeter,* 214 Ark. 488, 216 S. W. 2d 869.