The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for an opinion on "whether or not the real and personal property owned by the Point Remove Wetlands Reclamation Irrigation District [hereinafter "the District"] is exempt from ad valorem taxes by Arkansas Code Annotated 14-116-405, or any other statutory provision." You report that the District was formed pursuant to Arkansas Code Annotated 14-117-101 et seq.
RESPONSE
In my opinion, A.C.A. § 14-116-405 does not afford an exemption from ad valorem taxation. As one of my predecessors had occasion to note, this legislation addresses only excise taxes and local improvement district assessments, not property taxes.[1] Op. Att'y Gen. 2001-243. Additionally, the statute plainly applies only to "[w]ater districts former under [chapter 116 of A.C.A. title 14, "The Regional Water Distribution District Act"]. . . ." See n. 1, supra. You have stated that the District was formed pursuant to Chapter 117 of Title 14, the "Arkansas Irrigation, Drainage, and Watershed Improvement District Act of 1949." See A.C.A. § 14-117-101 (Repl. 1998).
Nor has my research yielded any other statute purporting to exempt the District's property from taxation. The absence of a statutory exemption may not be determinative, however, as consideration must also be given to the constitutional exemption for "public property used exclusively for public purposes." Ark. Const. art. 16, § 5(b). In my opinion, property owned by the District constitutes "public property" within the meaning of this provision. Accordingly, as discussed further below, the question focuses upon whether the property is being used "exclusively" for public purposes. The authority to make this determination lies in the first instance with the local tax assessor, see A.C.A. § 26-26-1001, subject to review as provided by law. See A.C.A. § 26-27-317 and-318. See also Pulaski County v. Jacuzzi Bros., 317 Ark. 10, 875 S.W.2d 496
(1994). I cannot offer an opinion concerning the tax-exempt status of particular property. I can and will, however, review the general law regarding the exemption of property from ad valorem taxation. This law is to be applied to the relevant facts by the assessor in determining the status of the District's property.
Article 16, Section 5 of the Arkansas Constitution provides in pertinent part as follows:
 The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Ark. Const. art. 16, § 5(b).
The Arkansas Supreme Court, in interpreting Ark. Const. art. 16, § 5(b), has consistently held that in order for property to be exempt from taxation two elements must be present: 1) the property must in fact be "public property," that is it must be owned by a public entity; and 2) it must be used exclusively for public purposes. See City of Little Rock v. McIntosh, 319 Ark. 423, 892 S.W.2d 462 (1995); City of Fayetteville v. Phillips, 306 Ark. 87, 811 S.W.2d 308 (1991); Wayland v. Snapp, 232 Ark. 57, 334 S.W.2d 663 (1960). Both elements must be satisfied to meet the constitutional test. See Ark. Op. Att'y Gen.98-089. It is not the ownership of the property that entirely determines the matter. The property must also be used "exclusively" for public purposes. Id.
In my opinion, there is little question that real and personal property held by the District is "public property." In Terry v. Staeks,221 Ark. 870, 256 S.W.2d 545 (1953), the court observed that "our cases hold that when an Improvement District purchases property at its own foreclosure sale, the State cannot tax the property until the Improvement District parts with title." Id. at 873. See also Deniston v. Burroughs, 209 Ark. 436, 190 S.W.2d 623 (1945); Duncan v. Board of Directors of Newport Levee District, 206 Ark. 1130, 178 S.W.2d 660
(1944); Lyle v. Sternberg, 204 Ark. 466, 163 S.W.2d 147 (1942); Op. Att'y Gen. 2001-243 (opining that property owned by a water distribution district formed under chapter 116 of A.C.A. title 14, "The Regional Water Distribution District Act," is properly characterized as "public" for purposes of tax exemption analysis). Cf. Quapaw Central Business Improvement District v. Bond-Kinman, Inc., 315 Ark. 703, 706,870 S.W.2d 390 (1994) (noting that "there is a wealth of case law acknowledging the agency status of improvement districts as governmental in nature[,]" citing, inter alia, Terry, supra); Cherokee Village Homeowners Protective Association v. Cherokee Village Road and Street Improvement District No. 1, 248 Ark. 1055, 1058, 455 S.W.2d 93 (1970) ("Once an improvement district is lawfully created, it assumes the status of a de jure governmental agency. . . .").
The court in Terry set forth the general rule as follows, quoting from Lyle v. Sternberg, 204 Ark. 466, 163 S.W.2d 147 (1942):
 `This court has ruled that when a drainage or improvement district acquires title to lands before the lien for state and county taxes becomes fixed, they are exempt from taxation or assessment for state and county taxes as long as the lands remain the property of said district as during that time they are held by the drainage or improvement district as a governmental agency and for governmental purposes. This rule is sustained by the cases of Miller v. Henry, 105 Ark. 261, 150 S.W. 700, Ann. Cas. 1914D, 754; Robinson v. Ind.-Ark. Lbr. Co., 128 Ark. 550, 194 S.W. 870, 3 A.L.R. 1426; Crowe v. Wells River Savings Bank, 182 Ark. 672, 32 S.W.2d 617; and Little Red River Dr. Dist. No. 2 v. Moore, 197 Ark. 945, 126 S.W.2d 605.'
221 Ark. at 873 (emphasis added), quoting Lyle, supra, 204 Ark. at 468.
The court in these cases obviously assumes that the property belonging to the improvement district is held for "governmental [i.e., public] purposes." It must be emphasized, however, that fact questions may arise in this regard because ownership is not alone determinative. As noted above, the "exclusive public use" requirement, McIntosh, supra,319 Ark. at 428, must also be met. Accord Ridgeway v. Lewis, 203 Ark. 1063,160 S.W.2d 50 (1942) (lands in possession of a drainage district, "in its governmental capacity," held not subject to assessment for taxes).
Regarding "exclusive public use," a review of the cases reflects instances in which the court has denied an exemption because, in the words of the court, "actual use for a public purpose is required, an expected, intended or contemplated future use not being sufficient to meet the constitutional requirement." City of Fayetteville v. Phillips, supra, 306 Ark. at 92, citing City of Springdale v. Duncan,240 Ark. 716, 401 S.W.2d 747 (1966). This principle is also reflected in the following passage:
 It seems clear that the intention was to exempt only that public property which in itself directly subserved some public purpose by actual use, as distinguished from property belonging to the public but not used by it, and from which a benefit accrues to the public, not by the immediate use thereof by the public, but indirectly through selling or renting the same to private parties.
School District of Fort Smith v. Howe, 62 Ark. 481, 486, 37 S.W. 717
(1896) (cited in McIntosh, 319 Ark. at 430). Cf. Op. Att'y Gen. 89-283
(opining that as a general matter, vacant land being held for future use may not be presently "used exclusively for public charity" and thus may be taxable).
The applicability of these general principles with respect to particular property necessarily entails factual determinations for the assessor. In undertaking the factual review, the assessor will also be guided by the well-established rule that "taxation is the rule and exemption the exception." Hilger v. Harding College, 231 Ark. 686, 693,331 S.W.2d 851 (1960). The taxpayer must establish the entitlement to an exemption from taxation "beyond a reasonable doubt." Pledger v. Baldor Int'l, 309 Ark. 30, 33, 827 S.W.2d 646 (1992). A strong presumption operates in favor of the taxing power. Ragland v. General Tire Rubber Co., 297 Ark. 394, 763 S.W.2d 70 (1989). Tax exemptions are strictly construed against the exemption, and "to doubt is to deny the exemption." Baldor, supra at 33.
While I cannot offer an opinion concerning the tax-exempt status of particular property, the foregoing will hopefully be of assistance in identifying the legal framework for the factual review.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The statute provides: Water districts formed under this chapter shall be exempt from all excise taxes of whatsoever kind or nature, and further, shall be exempt from payment of assessments in any general or special taxing district levied upon the property of the water district, whether real, personal, or mixed.A.C.A. § 14-116-405 (Repl. 1998). *Page 1