ANNIE HARTMAN, complainant,

*v.*

FRANCIS HARTLE et al., defendants.

[Submitted November 9th, 1923. Decided November 17th, 1923.]

1. A trustee cannot purchase from himself at his own sale, and his wife is under the same disability unless leave to do so has been previously obtained under an order of court.

2. Where property was purchased for the wife of a trustee at the trustee's sale and afterwards resold by her at a profit, the trustee must account to the heirs for the profit so realized.

---

On bill, &c.

*Mr. Thomas Brown,* for the complainant.

*Mr. Charles R. Rose,* for the defendants Josephine Dieker and Mike Contra.

*Mr. Freeman Woodbridge,* for the defendant executors.

FOSTER, V. C.

Mrs. Dorothea Geick died testate on April 8th, 1921, leaving five children, one of them being the complainant. She named her two sons-in-law executors and they qualified. Among other matters the will expressly directed her executors to sell her real estate and to divide the proceeds equally among her children.

On February 9th, 1922, the executors sold part of the real estate known as the farm, at public auction, for $3,900, to one of the testatrix's sons, Lewis Geick, who actually bought the property for his sister, Josephine Dieker, who is the wife of one of the executors.

On April 11th, 1922, Mrs. Dieker sold the property to the defendant Mike Contra (and another who is not a party to the action) for $5,500, part cash and part on mortgage.

The executors settled their final accounts on April 21st, 1922, and at or about that time complainant expressed to the deputy surrogate her dissatisfaction with the price realized from the sale of the farm.

About March 21st, 1923, she filed her bill in this cause, charging the sale of the farm to have been improperly and fraudulently made by the executors, to Mrs. Dieker, and further charging that Mrs. Dieker and the other heirs of the testatrix had agreed at the sale, because of slow bidding and inadequate price, to have the farm bid in for the benefit of all the heirs.

At the hearing each and every one of these allegations were shown to be untrue by the great weight of the testimony; and this proof was so conclusive that it left complainant with but one contention to sustain her case, viz., that under the law the sale of the property by the executors and trustees to Mrs. Dieker, the wife of one of them, without previous authority from the court, was illegal and void, and that it should be set aside and the farm resold, or if that be found impossible because of the sale made by Mrs. Dieker to Contra, an innocent purchaser, then that complainant should have paid to her one-fifth of the $1,600 profits realized by Mrs. Dieker from the sale of the property.

It is the settled law of this state that a trustee cannot purchase from himself at his own sale, and that his wife is subject to the same disability, unless leave so to do has been previously obtained under an order of the court. *Scott* v. *Gamble, 9 N. J. Eq. 218; Bassett* v. *Shoemaker, 46 N. J. Eq. 538; Bechtold* v. *Read, 49 N. J. Eq. 111.* And under the circumstances of the case complainant cannot be charged with laches under the view expressed in *Bechtold* v. *Read, supra.*

In view of the fact that the property is now owned by innocent purchasers a resale cannot be ordered, but as an alternative Mrs. Dieker and the executors will be held to account for complainant's one-fifth share of the profits made on the resale of the property under the authority of *Marshall* v. *Carson, 38 N. J. Eq. 250,* and a decree will be advised to that effect.