The complainants are heirs-at-law and beneficiaries under the will of Joseph Carr, deceased, who died in September, 1889. He appointed his three sons, Paul O. Carr, Courtney C. Carr and Jesse Carr, as executors. Paul O. Carr renounced and the other two qualified.
The widow, Sarah Carr, remained upon the homestead property until her death in 1894. Shortly after her death, the son Jesse Carr took possession of all the real estate of his father, and occupied the same as his property until 1919.
Courtney C. Carr took no part in the administration of the estate after the death of his mother. His death occurred on April 15th, 1914.
On or about September 29th, 1919, Jesse Carr, as surviving executor, conveyed to his daughter, Jessie S. Carr Hurlburt, the real estate owned by the said Joseph Carr at the time of his death, by deeds as follows: *Page 166 
The first for an expressed consideration of "one dollar and other good and valuable consideration" conveyed the homestead property.
The second deed between said parties, and of same date and for like expressed consideration, conveyed between one hundred and fifty and two hundred acres of land.
The third deed between said parties, of same date and for a like expressed consideration, conveyed what is known as Thorofare Island, a tract of meadow land of about sixty acres.
The consideration actually paid and received for the entire land was $1,500.
Thereafter Carr, as executor, filed an account in the orphans court of Ocean county, in which he charged himself with the receipt of said sum. To this account exceptions were filed. These were not heard, nor was the account approved.
The bill was filed August 3d 1921. An answer and counter-claim was, by virtue of stipulation, filed on December 31st, 1921.
No further action was taken until July 14th, 1926, a notice was served on the present solicitor of complainants, who had been substituted by an order of June 10th, 1926, of a motion to dismiss the cause.
On July 20th, 1926, an affidavit was filed that "during all the period in which this matter remained quiescent there was a mutual understanding between counsel not, however, expressed in writing, that the matter should be held in abeyance without prejudice to the rights of any of the parties."
On November 26th, 1926, an order was made reviving the suit. Substitution of complainants and of defendants was made and the cause proceeded to hearing. A great volume of testimony has been taken, with great conflict in the evidence.
I find that the property had decreased greatly in value between the time of the death of Joseph Carr and the conveyances to the defendant Hurlburt, and that the amount paid by her was all the property was reasonably worth at that time.
The farm had become practically worn out and nearly useless for farming purposes. The house had become almost *Page 167 
uninhabitable and the few buildings which remained were in a dilapidated condition.
Immediately after the purchase the defendant Hurlburt made repairs of a very substantial nature. The exterior as well as the interior of the house received most noticeable repairs, and I have no doubt that this was generally known by the heirs — certainly it was known by those who lived in or visited the neighborhood.
Without restating the testimony I find: that an adequate consideration was actually paid by the daughter to the father, and that the sale was a fair and bona fide one; that the sale was actually made to the daughter and the consideration paid, and that such sale did not conflict with the inhibitions as set out in Hartman v. Hartle, 95 N.J. Eq. 123 (at p. 125).
I will advise a decree dismissing the bill.