MITCHELL *v.* PARKER.

4-6075                                        143 S. W. 2d 1114

Opinion delivered October 28, 1940.

*E. A. Williams,* for appellant.

*J. H. Reynolds,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a decree that Dennis Parker should not be ejected from forty acres of land he bought in 1919 for $1,000. He failed to pay state taxes assessed for 1934, and September 16, 1938, the commissioner sold to appellant for $40. Assessment of betterments in Conway County Bridge District for 1928, 1929, and 1930 likewise went unpaid. There was foreclosure and purchase by the district, with court approval in 1935. Appellant became the district's grantee December 5, 1938. The deed was signed: "Conway County Bridge District, by E. E. Mitchell, President; L. T. Oates, Secretary."

The trial court held that sale to the state was void because the county clerk failed to attach his warrant to the list of 1934 taxes transmitted by him to the collector. More than twenty other reasons were assigned in urging that the sale was void. Of the ground upon which the chancellor avoided the sale, appellant says: "According to the former decisions of this court we have very little quarrel on this account." Appellee treats this language as an admission on the part of appellant that the sale was void. We agree that it was. *Stade* v. *Berg,* 182 Ark. 118, 30 S. W. 2d 211; *Hirsch and Schuman* v. *Dabbs and Mivelaz,* 197 Ark. 756 at p. 764, 126 S. W. 2d 116.

It is contended, however, that sale to the bridge district was valid, and that the chancellor erred in setting it aside because, as stated in the decree, title was in the state at the time the bridge district purchased. (Act 329, approved March 15, 1939.) Under this statute sale to the district was not void. But sale by the district to appellant was in contravention of public policy. *Moon* v. *Georgia State Savings Association,* 200 Ark. 1012, 142 S. W. 2d 234.

Appellant was president of the district's board of commissioners. In the Moon Case we said:

"Although no statute has been brought to our attention expressly prohibiting the collector of a municipal improvement district from purchasing property from the district, we think sound public policy requires complete separation of private transactions from of-

ficial conduct. Because of his close contact with commissioners who are charged with the duty of disposing of property acquired through foreclosure proceedings, the collector enjoys privileges of relationship denied by circumstances to the general public.''

If the collector of a municipal improvement district is prohibited from purchasing the district's property, there is even greater reason for excluding a member of the board of commissioners. In the case at bar the commissioner was president of the board, and as such he executed the deed to himself. While no moral turpitude is involved, and appellant followed a custom formerly unchallenged, the Moon Case announced a rule of exclusion and it must be adhered to.

The decree is affirmed.