CONNER *v.* LITTLETON.

4-7016                                                  169 S. W. 2d 128

Opinion delivered March 15, 1943.

*Ras Priest,* for appellant.

*Kaneaster Hodges,* for appellee.

HOLT, J. The parties to this action, in the trial below, stipulated as to certain facts and agreed that "such other oral testimony as they may care to introduce not inconsistent herewith," might be presented. The facts agreed upon are, in part, as follows: "The land in question forfeited to the state of Arkansas for nonpayment of 1930 taxes and in due course was sold and conveyed to the state, . . . On December 18, 1936, the court confirmed title in the state of Arkansas under act 119 of 1935. On October 15, 1941, the state of Arkansas conveyed the land to Joe Thrift for a consideration of $193. . . . Joe Thrift conveyed the land to R. E. or Eddie

Thrift who in turn sold a portion thereof to Henry Littleton on November 17, 1941, and contracted to sell the balance thereof to Earl Littleton on November 17, 1941, . . .''

''On October 3, 1940, the Mayberry Drainage District of Jackson county, executed and delivered to W. E. Conner its quitclaim deed conveying the land involved herein for a consideration of $50. . . .''

''On October 3, 1940, the Village Creek & White River Levee District executed and delivered to Raymond Hite its quitclaim deed conveying the land involved herein for a consideration of $50. . . . On December 23, 1941, Raymond Hite conveyed the property in question to W. E. Conner for a consideration of $5.''

December 10, 1934, the Village Creek & White River Levee District acquired a deed to this land under foreclosure proceedings for unpaid drainage taxes for 1929 and 1930.

''The regularity of the foreclosure proceedings is not questioned by the plaintiffs, except in so far as the district has no power to foreclose upon land, the title of which at the time is in the state of Arkansas.'' . . .

''On April 9, 1938, W. H. Reid, commissioner of Jackson chancery court, in a foreclosure proceeding by Mayberry Drainage District against the land here in question, sold said land to said district for the delinquent assessments of 1933, 1934 and 1935. The amount on each tract for each year being $15.60. . . . Defendants (appellants here) do not rely upon the deed from Mayberry Drainage District to W. E. Conner for title to said land. The report of the commissioner in chancery was not signed and no deed was ever executed by him to said district.''

''R. D. Wilmans, owner of the 120 acres in question at the time of sale to the state, executed and delivered to Joe Thrift on January 2, 1940, his quitclaim deed.''

''On May 27, 1938, the State Land Commissioner issued his donation certificate, covering the land in question, to Joe Thrift. This donation certificate would have expired by time on October 27, 1941. On October 14,

1941, Joe Thrift relinquished his right under the donation certificate and thereafter on the 15th day of October, 1941, procured a deed from the land commissioner for a consideration of $193.''

''Joe Thrift did not at any time in October, 1941, make any proof of residence in accordance with § 8654 of Pope's Digest.''

''On December 3, 1941, plaintiffs tendered Raymond Hite the sum of $50 in lawful money of the United States, with interest at six per cent. from October 3, 1940, which tender was declined by Raymond Hite. On December 4, 1941, plaintiffs tendered W. E. Conner the sum of $50 of lawful money of the United States, with interest at six per cent. from October 3, 1940, which tender was refused by W. E. Conner.''

''It is agreed that there are proper parties plaintiff and that Earl Littleton is authorized to act and has acted for Henry Littleton.''

Appellee, Earl Littleton, for himself and as agent for Henry Littleton, sued W. E. Conner and Raymond Hite in the Jackson chancery court alleging in his complaint, in substance, the above facts; that he was owner of the land in question by *mesne* conveyances from the state of Arkansas; that the deed from the Mayberry Drainage District to Conner is void and of no effect, and that the deed from the Village Creek Drainage District to Raymond Hite, appellant Conner's employee, and the deed from Hite to Conner are void and of no effect, and prayed that these deeds be held void and canceled as a cloud upon appellee's title.

Upon a trial, the court found the issues in favor of appellee, and, quoting from the decree, ''The court is of the opinion that the plaintiff should prevail in this case, for the reason that a director, or an officer of an improvement district cannot acquire property from the district, either directly or indirectly. . . . All issues of law and fact favor the plaintiff and it is specifically found that Earl Littleton, in his own right and as agent for Henry Littleton, is entitled to redeem from W. E. Conner, who holds quitclaim deeds from the Mayberry

Drainage District and from Village Creek & White River Levee District, upon the payment of the sum of $107, the purchase price paid by Conner to the districts; Earl Littleton, in his own right and as such agent, is the owner of the legal title to (land in question), and the conveyances held by the defendant are clouds upon his title which should be avoided.''

"It is, therefore, on this August 29, 1942, decreed that title to the above described land is quieted in Earl Littleton, in his own right and as agent for Henry Littleton, and the conveyances above mentioned, from Mayberry Drainage District to W. E. Conner, from Village Creek & White River Levee District to Raymond Hite, from Raymond Hite to W. E. Conner, are all held for naught and canceled as clouds upon Littleton's title.''

''W. E. Conner is decreed entitled to the sum of $107 from Earl Littleton, which obligation shall be a lien upon the above land.''

This appeal followed.

As has been indicated, appellant has stipulated that he makes no claim to title to the land in question on the strength of the deed to him from the Mayberry Drainage District.

He bases his claim for title on the deed from the Village Creek & White River Levee District to Hite, his employee, and from Hite to him. The state's title to the land is not questioned.

There are many questions presented and argued by appellant, which we find it unnecessary to consider, for the reason that on the threshold of this appeal we must sustain appellee's contention, and the chancellor's finding, that the deeds under which appellant asserts title are voidable, for the reason that the deed from the board of directors of the Village Creek & White River Levee District to Raymond Hite was procured by and for appellant, Conner, while appellant himself was a member of such board.

It is our view that the chancellor's finding was supported by the great preponderance of the testimony. A brief review of the evidence taken orally before the

court, in addition to that stipulated above, and on all of which the court's finding and decree were based, is to the following effect: The land in question here is partly encircled by approximately 600 acres of land belonging to appellant, Conner. It is conceded that Conner was a director for the Village Creek & White River Levee District when the deeds were executed. A disinterested witness, Jeff Bowen, testified: "Well, Mr. Conner, when he found out I was wanting the land, he told me that he wished I wouldn't bother with the land for it was right in his pasture. . . . Mr. Conner said he would have loved to have had that (meaning the lands here involved) himself, and Mr. Pickens told him that he couldn't buy this land for he was one of the commissioners or directors."

The Mayberry District conveyed to Conner as an individual, and in his verified application to redeem the land here in question from the state he stated that, "W. E. Conner is now the owner of the above described land." The consideration in both the Village Creek deed and the Mayberry District deed was paid by Conner with similar checks of the Clements Mercantile Company of which Conner is president, manager and principal stockholder. These checks were signed by Conner, and, quoting from appellant's testimony . . . "Q. Did you or the Clements Mercantile Company advance the money? A. The Clements Mercantile Company check. Q. And that check (to the Village Creek District) was charged to your account down there at the Clements Mercantile Company, wasn't it? A. I reckon so, to the best of my recollection. Q. Now, Mr. Conner, do you consider yourself the absolute owner of this property? A. Unless that deed makes me owner, outside of that deed then I don't consider myself the owner, no, sir. Q. Well, do you consider that you hold an absolute title, or do you still hold it as trustee for Raymond Hite? A. Yes, I hold it in trust for Raymond Hite. And for the Clements Mercantile Company."

Norman Campbell, treasurer of the Village Creek District, testified that the deposit slip of October 11,

1940, which appellant admitted represented the deposit of the consideration for the deed, shows on its face this notation "Land bought. W. E. Conner." We think it clear, therefore, that appellant bought this land from the district for himself, and not for his employee, Raymond Hite, as appellant claimed.

In two very recent cases from this court, *Mitchell* v. *Parker,* 201 Ark. 177, 143 S. W. 2d 1114, and *Moon* v. *Georgia State Savings Association,* 200 Ark. 1012, 142 S. W. 2d 234, which are controlling here, this court held that a deed to land from the board of an improvement district to a member of that board is voidable. In the Parker case we held (quoting headnote 2): "Where lands have forfeited for failure to pay betterments assessed against them, and there has been foreclosure and purchase by the district, public policy forbids a member of the board of commissioners of the district to purchase such lands." See, also, *Cabell* v. *Improvement District No. 10 of Texarkana,* 124 Ark. 278, 187 S. W. 666.

Finding no error, the decree is affirmed.