DOWELL *v.* LAND.

4-7671                                188 S. W. 2d 134

Opinion delivered June 11, 1945.

*D. Leonard Lingo* and *Harry L. Ponder, Jr.,* for appellant.

*Cunningham & Cunningham,* for appellee.

McFADDIN, J.  This appeal concerns four lots in the City of Walnut Ridge, Arkansas.  On August 27, 1943, appellant filed suit in the chancery court to quiet his title to the property, naming as defendants J. C. Land and Elizabeth Land, and proceeding *in rem* as to the four lots.

The appellant alleged his ownership and possession, and claimed that two deeds to Elizabeth Land, recently placed of record, were clouds on his title.  These were: (1) a deed from the receiver of Village Creek Drainage District to Elizabeth Land dated October 10, 1943.  (We digress from the recital of facts to point out that this Village Creek deed was shown by the evidence to have been executed by mistake, so that the effect of that deed passes out of this case; and it is not involved in this opinion.)   (2) A deed from the commissioners of Street Improvement District No. 3 of Walnut Ridge to Elizabeth Land dated August 5, 1943.  Appellant alleged this deed to be void because: (a) J. C. Land was one of the commissioners of the district, and Elizabeth Land is the wife of J. C. Land; and the conveyance to Elizabeth Land was a subterfuge, because the property was really acquired by J. C. Land; (b) that the conveyance was in violation of § 7350 of Pope's Digest; and (c) the property was sold to J. C. Land (Elizabeth Land named as grantee) at a

price materially less than the district was receiving for other and similar property. In addition to the attack on the deed to Elizabeth Land, the plaintiff claimed by adverse possession "against the defendants."

J. C. Land and Elizabeth Land filed separate answers; each, among other things, denying that J. C. Land acquired the property for himself, and asserting that Elizabeth Land purchased the property with her own money.

The evidence established that the Improvement District No. 3 of Walnut Ridge (hereinafter called the "district") obtained a decree of foreclosure against this property in 1931 for the delinquent assessments of 1929 and 1930. The foreclosure sale was in 1931, and the deed to the district was in 1936. The commissioners of the district at all times herein involved were J. C. Land, N. F. Sloan, and G. E. Henry. The district exercised the utmost leniency to the delinquent property owners. As late as October 26, 1936, the chancery court entered an order that J. F. Israel, collector of the district, might rent any property acquired by the district, and apply the rent on the delinquent assessments. Proof showed that in 1940 (before appellant secured his deed from his grantor) the improvement district had rented the property here involved, and collected rent from a tenant who occupied one of the garages. This amounted to $9, and was credited on the delinquent assessments. It was not until January, 1937, that the chancery court authorized the clerk to issue a writ of possession to the district for this and the other property. On November 18, 1941 (and after the collection of the $9 rent heretofore mentioned), the commissioners adopted a resolution, "to sell any non-income properties at 50 per cent. of the taxes due on same if no more could be gotten for them."

On December 30, 1941, appellant received his deed to this property from his grantor, and some time in 1942 appellant applied to the district to redeem the property. The district prepared a redemption deed and left it at the bank to be delivered to appellant upon his payment of $429, which was evidently thought by the district at that

time to be the amount of delinquent taxes, penalty, interest and costs due on these lots. Appellant considered $429 to be more than the correct amount to redeem, and so he never received the deed. It remained in the bank about eleven months.

One day, J. C. Land, secretary of the district, recalled the deed from the bank, and destroyed the deed. Elizabeth Land, wife of J. C. Land, *prima facie,* wanted to buy the property, and so J. C. Land (according to his own testimony) "figured up one-half of the amount that was against it and made a deed to Mrs. Land for that amount —50 per cent. of it." J. C. Land signed the deed as secretary, and took it to N. F. Sloan, president of the district, and secured his signature. Mrs. Land paid as consideration therefor the sum of $168.

N. F. Sloan testified that he was president of the board of commissioners of the district, and that he signed the deed to this property after being advised by J. C. Land that the transaction was regular. Sloan further testified that he would not have signed the deed if he had known there were any buildings on the land; that he had subsequently learned from his own investigation that there were buildings on the property. G. E. Henry testified that he was a member of the board of commissioners of the district, but that he was never consulted or advised in any way about the deed to Mrs. Land; that he had never attended any meeting of the commissioners where the deed was discussed; that he had been in the lumber business for thirty-three years and had recently examined this property, and found on it a smokehouse, woodshed, chicken house, and two garage buildings; and that the lumber in the buildings was at the present time worth in excess of $500. Other witnesses showed the value of the lots to be about $650 disregarding the buildings.

On behalf of the defendants, Mrs. Elizabeth Land and Mr. J. C. Land, each testified that she had bought the property with her own money and on her own initiative. Other witnesses testified as to a property holders' meeting urging the commissioners to "do something" about this Dowell property. There was other evidence.

The chancery court entered a decree dismissing the plaintiff's complaint for want of equity, and this appeal challenges that decree. The appellant, in his argument here, makes two claims: (1) that the deed from the district to Elizabeth Land is void; and (2) that the plaintiff has title by adverse possession. We examine these.

I. *The Deed to Elizabeth Land.* We have given the facts in considerable detail, because we have reached the conclusion that the deed from the district to Mrs. Land should be cancelled, and appellant's complaint should be treated as a suit for that purpose. The plaintiff has shown that the property was sold to the wife of one of the commissioners. A commissioner of an improvement district occupies a trust relationship to the district and the property owners therein. He is charged with duties similar to those of a trustee. In many cases it has been held that a trustee cannot sell the trust property to himself or to his wife. *Bassett* v. *Shoemaker,* 46 N. J. Eq. 538, 20 Atl. 52, 19 A. S. R. 435; *Scottish-American Mfg. Co.* v. *Clowney,* 70 S. C. 229, 49 S. E. 569, 3 Ann. Cas. 437; *Tyler* v. *Sanborn,* 128 Ill. 136, 21 N. E. 193, 4 L. R. A. 218, 15 Am. St. Rep. 97; *Wilmington Tr. Co.* v. *Carrow,* 14 Del. Ch. 290, 125 Atl. 350; *Gunther* v. *Gove,* 275 Mass. 235, 175 N. E. 464; *Hartman* v. *Hartle,* 95 N. J. Eq. 123, 122 Atl. 615. See, also, 65 C. J. 775; 26 R. C. L. 1329; Bogart on Trusts, § 484, p. 1520; and Annotation in 131 A. L. R. 990.

The rationale of these cases applies here. It is not a question of proving bad faith. It is, rather, the fact that public policy forbids a commissioner of an improvement district from selling the property of the district to his wife. In *Moon* v. *Georgia State Savings Assn.,* 200 Ark. 1012, 142 S. W. 2d 234, we held that public policy forbade the collector of an improvement district from being instrumental in the sale of the property of the district to his father-in-law. In *Mitchell* v. *Parker,* 201 Ark. 177, 143 S. W. 2d 1114, and in *Conner* v. *Littleton,* 205 Ark. 496, 169 S. W. 2d 128, we held that a commissioner could not buy property from the district; and bottomed these holdings on the rule of public policy announced in *Moon*

v. *Georgia State Savings Assn.*, *supra.* We hold that the same rule of public policy applies to a commissioner selling the property to his wife, which is the situation in the case at bar.

We have not overlooked the case of *Fairbank* v. *Douglas*, 188 Ark. 224, 66 S. W. 2d 286, wherein it was held that the wife of an attorney of a municipal improvement district could purchase property from the district. We think that case sets too narrow a limit on the fiduciary relationship of attorney and client, and the relationship between husband and wife. Since that case, we have in *Moon* v. *Georgia State Savings Assn.*, *supra*, and the other cases hereinbefore cited, broadened the public policy involved; and we now overrule so much of *Fairbank* v. *Douglas* as is in conflict with the views herein expressed.

It, therefore, follows that the chancery court should have entered a decree setting aside the deed from the district to Mrs. Land, and for this error the decree is reversed, and the cause remanded with directions to enter such a decree. Mrs. Land has not, in this case, sought any recovery of her purchase money from the district; and no inference should be drawn from anything herein that she has, or has not, any such cause of action.

II. *Appellant's Plea of Adverse Possession.* As regards appellant's claim of adverse possession against the district, that plea cannot be considered in the circumstances in this case. The district was not a party to the record in this case. Section 10959, Pope's Digest, requires "if the petitioner has knowledge of any person who has or claims to have interest in such lands, the petitioner shall so state, and such person or persons shall be summoned as defendants in the case."

When the appellant claimed the deed from the district to Mrs. Land to be void, he was thereby showing some sort of title in the district. He did not make the district a party to the suit; so is not entitled to have his title quieted against the district, even if he had offered sufficient proof under the quieting of title statute.

The decree of the chancery court is reversed, and the cause is remanded, with directions to cancel the deed from the district to Mrs. Land, and for further proceedings not inconsistent with this opinion.