GREENBERG, Judge,
dissenting:
I dissent. The Court must decide matters of equitable tolling on a case-by-case basis. See Ferguson v. Shinseki No. 13-1149, 2014 WL 463690 (U.S.Vet.App. Feb. 6, 2014) (Greenberg, J., concurring); Mapu v. Nicholson, 397 F.3d 1375, 1380 (Fed.Cir.2005) (“equitable tolling is not limited to a small and closed set of factual patterns” and is rather decided on a “case by case basis”). This Court has been admonished for “focus[ing] too narrowly on whether [an appellant’s] case fell into one of the factual patterns of past cases considering § 7266(a).” Sneed v. Shinseki 737 F.3d 719, 726 (Fed.Cir.2013). “[T]his Court is free to extend the principles of equitable tolling to new situations when warranted,” Nelson v. Nicholson, 19 Vet.App. 548, 551 (2006), and it should do so here, so as to not exclude this diligent appellant from making his case on the merits.
The evidence reflects that the appellant never received the statutorily mandated 120 days to file an appeal because he resides in the Philippines. All the appellant’s correspondence related to the matter on appeal indicates a two- to three-week delay for delivery. For example, the appellant’s motion for reconsideration was postmarked by the Philippine Postal Corporation on November 20, 2013, but was received by VA 15 days later, on December 5, 2013. Additionally, the appellant’s Notice of Appeal was postmarked on March 18, 2014, but was received 20 days later, on April 7, 2014. The time for delivery for these filings exceeds the 13 days by which the appellant missed the 120-day appeal period from the Board decision. The appellant states that he received the Board decision at least two weeks after it was mailed, and that statement is supported by the pattern of his other filings. *257 The appellant had, at most, only 106 days to file his appeal.
Equitable tolling is warranted where a diligent appellant was unable to file timely. See John Norton Pomeroy, Pomeroy’s Equity Jurisprudence and Equitable Remedies, § 419 (3d ed. 1905) (“ ‘Nothing can call forth this court into activity but conscience, good faith, and reasonable diligence’ ” (quoting Lord Camden, Smith v. Clay, (1767) 27 Eng. Rep. 418 (Ch.) 420; Amb. 645, 647) (emphasis in original)). In this case, there is no action that the appellant could reasonably have taken to speed up his receipt of the Board decision. It is irrelevant to the Court’s evaluation of diligence that the appellant could have filed his motion within a shortened appeal period of 106 days. That the appellant filed his motion for reconsideration within 120 days of receiving that decision is a sufficient demonstration of his diligence. Where, as here, the facts indicate that the appellant’s filing was untimely because of the mailing delay, not in addition to it, equitable tolling is appropriate.
During Lord Ellesmere’s dispute over the roles of equity and láw with Lord Coke, Ellesmere stated: “The Cause why there is a Chancery is, for that Mens Actions are so divers and infinite, That it is impossible to make any general Law which may aptly meet with every particular Act, and not fail in some Circumstances.” Earl of Oxford’s Case, (1615) 21 Eng. Rep. 485(Ch.) 486; Rep. Ch. 1, 6. The principle that equity exists to protect against the failures of narrowly prescribed rules ought to be reflected in this Court’s equitable tolling jurisprudence. That this appellant’s circumstances do not conform to a narrow interpretation of the Court’s precedent should only hasten the Court’s expansion of its equity jurisprudence. That jurisprudence must be more inclusive so as to properly discharge the essential duty of equity: to provide relief in light of diverse and infinite circumstances for which fixed laws cannot account. Fiat justitia mat caelum. See Rex v. Wilkes, (1770) 98 Eng. Rep. 327 (KB.) 347 (Lord Mansfield); 4 Burr. 2527, 2562; see also Somerset v. Stewart, (1772) 98 Eng. Rep. 499 (KB.) 509; Lofft 1, 17; for a relevant description of general equitable principles, see also Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 499-500, 86 A.2d 201 (1952) (“[Ujnder general principles of equity the court may require ... so that as nearly as may be the parties will be protected and equity done, Hartman v. Hartle, 95 N.J. Eq. 123, 125, 122 A. 615 (Ch.1923); Attorney General v. Linden Cemetery Ass’n, 85 N.J. Eq. 501, 506-07, 96 A. 1001 (E. & A.1916); 1 Pomeroy, Equity Jurisprudence (5th ed. 1941), § 237e; 2 Restatement, Trusts (1935), § 291.”). I dissent.